IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERRY LEE SISCO,

        Plaintiff,                      No. CIV S-05-0867 GEB JFM P

    vs.

STATE OF CALIFORNIA, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $22.19 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1 preceding month's income credited to plaintiff's prison trust account. These payments will be
2 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3 account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4 The court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9 U.S.C. § 1915A(b)(1),(2).

10 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989); Franklin, 745 F.2d at 1227.

17 A complaint, or portion thereof, should only be dismissed for failure to state a
18 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
20 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
22 complaint under this standard, the court must accept as true the allegations of the complaint in
23 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26 /////

Plaintiff's claims in this action arise from injuries that he allegedly sustained during a riot on October 15, 2003 at Folsom State Prison.  Plaintiff names twenty-one defendants in his complaint.

Plaintiff has named the California Department of Corrections as one of the defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against the California Department of Corrections are frivolous and the court will not order service of process on the California Department of Corrections.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has named Douglas Peterson, M.D., Chief Medical Officer at Folsom State Prison as a defendant.  Plaintiff's claim against Dr. Peterson is based solely on a theory of respondeat superior, see Complaint, filed May 2, 2005, at 3, and is therefore not cognizable in this action.  For this reason, the court will not order service of process on Dr. Peterson.

Plaintiff has named Facility Captain D.L. Porter as a defendant, but there are no charging allegations against Captain Porter in the complaint.  For that reason, the court will not order service of process on Captain Porter.

Plaintiff has named Lt. Clayton as a defendant.  Plaintiff alleges that Lt. Clayton wrote the riot report and knew that plaintiff's medical condition was serious.  He does not allege, however, any act or omission by Lt. Clayton that violated plaintiff's constitutional rights or otherwise caused cognizable harm to plaintiff.  For that reason, the court will not order service of process on Lt. Clayton.

The complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint against these defendants are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed an initial partial filing fee of $22.19.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Service is appropriate for the following defendants: Warden Diane K. Butler; T. Falconer; Joseph Torruella, M.D.; Dr. Giatonde; Dr. Carden; Dr. Dazo; Sgt. Gonzalo Martinez; A. Beruth; J. Davis; R. Stahl; Mr. Schmidt; Andres A. Navarro; Amber L. Milson; N. Grannis; M. Pagala; Kevin Lightner; and C/O Spears.

4. The Clerk of the Court shall send plaintiff seventeen USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed May 2, 2005.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for each defendant listed in number 3 above; and

   d. Eighteen copies of the endorsed complaint filed May 2, 2005.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: August 29, 2005.

UNITED STATES MAGISTRATE JUDGE

12
sisc0867.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERRY LEE SISCO,

     Plaintiff,                         No. CIV S-05-0867 GEB JFM P

    vs.

STATE OF CALIFORNIA, et al.,       NOTICE OF SUBMISSION

     Defendants.               OF DOCUMENTS

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____    completed summons form

    ____    completed USM-285 forms

    ____    copies of the _____
                         Complaint/Amended Complaint

DATED:

                                   _____
                                   Plaintiff