IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERRY LEE SISCO,

      Plaintiff,                     No. CIV S-05-0867 GEB JFM P

   vs.

STATE OF CALIFORNIA, et al.,

      Defendants.            ORDER

/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2007, plaintiff filed a document entitled "Motion for Extension of Discovery," in which plaintiff states, *in toto:* "Plaintiff requests this honorable court to extend the time of Discovery allowing for return of the requested items." (Id.) Accompanying this filing was a document entitled "Plaintiff's Order to Produce" in which plaintiff seeks various records, policies and other documents. (Id.)

       However, the discovery period has been extended twice. On January 12, 2006, the discovery deadline was set for April 28, 2006. On July 28, 2006, that deadline was extended to October 6, 2006. Finally, on February 5, 2007, plaintiff's second request to extend discovery was granted and discovery was re-opened for the limited purpose of allowing plaintiff to discover the current addresses of defendants Beruth, Falconer, Schmidt and Spears. Plaintiff's third

1  request for extension is unsupported by facts or evidence and the requested materials appear to
2  have nothing to do with locating defendants Beruth, Falconer, Schmidt and Spears.  Because
3  plaintiff has failed to show good cause why the discovery period should be extended for a third
4  time, plaintiff's request will be denied.
5             In addition, plaintiff has requested the appointment of counsel.  The United States
6  Supreme Court has ruled that district courts lack authority to require counsel to represent
7  indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298
8  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
9  counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
10 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
11 court does not find the required exceptional circumstances.  Plaintiff's motion for the
12 appointment of counsel will therefore be denied.
13            Accordingly, IT IS HEREBY ORDERED
14            1.  Plaintiff's April 25, 2007 motion to extend the discovery deadline (docket no.
15 56) is denied; plaintiff's April 25, 2007 request for order to produce (docket no. 55) will be
16 placed in the court file and disregarded.
17            2. Plaintiff's April 25, 2007 motion for the appointment of counsel (docket no.
18 54) is denied.
19 DATED:  April 30, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; sisc0867.dsc